Dean, J.
The plaintiffs chartered of the defendants the ship Sarah for a voyage from Baltimore to Havre. At the time of the first negotiation between the parties, and also when the charter-party was executed, the Sarah was in the port of Boston. This action is to recover damages sustained *566 by the plaintiffs because the ship did not proceed without delay from Boston to Baltimore, where she was to receive her cargo for Havre. The action is not on the charter-party, but on an alleged agreement contained in a letter written during the negotiations which ended in the contract for the voyage. The only question which need be decided in this case is, whether all negotiations in reference to the contract to charter were not merged in the written agreement. The superior court held that they were; and in this decision I think they were right. It has been too long settled to be now disturbed or even questioned, that a written contract, with or without seal, merges all prior and contemporaneous negotiations in reference to the same subject, and consequently that a separate action cannot be brought upon any such prior or contemporaneous statements. This rule is general in its application and embraces contracts in reference to ships as well as all other subjects. Had the plaintiffs sued on the implied agreement of the charter-party, that the voyage from Boston to Baltimore should be made without unreasonable delay, he might perhaps have sustained his action; but that need not now be decided, nor is it necessary to discuss all the questions raised in the court below, as the one already mentioned disposes of the whole case.
The judgment should be affirmed.
Denio, J.
The charter-party was a substitute for the stipulations contained in the previous communications between the plaintiffs and the defendants’ agent. That instrument was intended to, and in its nature did cover the whole subject of those communications; and as soon as it was signed it superseded all that had gone before, and constituted the only contract between the parties for the hiring by the plaintiffs of the defendants’ vessel. There is a class of cases where a subsequent written agreement may coexist with a prior verbal or written one relating to the same *567 subject. This is the rule where the latter agreement is in execution of some distinct and separable provision of the earlier one, and also where, though made at different times, they arc both intended to take effect at the same instant and to constitute different parts of the same arrangement. (McCullock v. Girard, 4 Wash. C. C. R., 289; Mowatt v. Lord Londesborough, 3 Ellis & B., 307.) This case might well have fallen within that rule if the voyage from Boston to Baltimore had been a substantial portion of the arrange ment between,those parties, distinct from the one from Bal tiraore to Havre, as the plaintiffs’ counsel contends it was. In such a case it would have been reasonable to hold that the charter-party, which is limited to a contract for the latter voyage, left untouched that portion of the agreement between Ogden and the plaintiffs which concerned the transit of the vessel to Baltimore. But the voyage from Boston to Baltimore was a subject of no interest to the plaintiffs, except as preliminary to having the vessel in readiness at» the latter place to commence the voyage to Europe. If it was material to the plaintiffs to have a positive or proxi mate time fixed upon for the vessel to be prepared to receive her cargo at Baltimore, as no doubt it was, a stipulation pointing to that object was part and parcel of the contract for the voyage from Baltimore to Havre. A provision that she should sail from Boston immediately, or at a given day, for the purpose of being at Baltimore for the plaintiffs’ use, would not differ in respect to its connection with the principal voyage, from one fixing a day within which she was to be at the port of Baltimore ready to receive the plaintiffs’ cargo. Either of these stipulations would con stitute a teim of the main contract, but could not be regarded as a distinct subject. If a day had been agreed upon in the correspondence between the broker and the plaintiffs for the vessel to be at Baltimore, but when the formal contract came to be executed that circumstance had *568 been omitted, the inference which the law would make, would be that the plaintiffs had waived" that part of the agreement, and that both parties had elected to repose upon lhe legal construction of a contract not containing an express stipulation as to that particular. In the absence of an express provision, the law requires the owner of the ship to proceed with reasonable diligence. (McAndrew v. Adams, 1 Bing. N. C., 29.) If there was a failure to use such diligence in this case, the plaintiffs were entitled to their damages for the wrong thus done them ; but the present action was not adapted to such a case, the plaintiffs relying solely upon an express contract of the broker to sail immediately from Boston, and not noticing in any way the charter-party, which was the real agreement between the parties.
It is argued by the plaintiffs’ counsel that the case is not within the rule which forbids the introduction of parol evidence to vary the terms of a written contract, because, as it is insisted, the antecedent agreement was in writing as well as the charter-party itself. But the defendants could not be charged upon the contract signed by Ogden, except by the introduction of oral evidence to prove his authority to act for the defendants. Instead of relying upon that, the plaintiffs elected to take the express written agree ment of the defendants. To make it clear that this was a substitute for what had passed between the plaintiffs and the broker, it was made to bear date on the day on which the broker’s letter was written, though it was not executed until some days afterwards. It repeated the stipulations in the broker’s letter, so far as it was intended to adopt them. It was a complete contract in itself, and embraced all the particulars essential to make a perfect agreement for the charter "of the defendants’ vessel. I am satisfied that it contains all the available stipulations existing between the parties respecting the chartering of that vessel. I am of *569 opinion, therefore, that the judgment of the supreme court is right and should be affirmed.
Judgment accordingly.